Mark D. Mailman, I.D. No. 0070205395
John Soumilas, I.D. No. 0085157600
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorney(s) for Plaintiffs and the Class**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD NEWMAN,<br>and<br>ANN NEWMAN, H/W<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEM RECOVERY SYSTEMS LLC<br><br>Defendant. | C. A. No. 06-912 (WHW)<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT – CLASS ACTION

### I. PARTIES

1. Plaintiffs Richard Newman and Ann Newman, husband and wife, are adult individuals residing at 11226 51.1 Road, Mesa, CO 81643.

2. Defendant Gem Recovery Systems LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 99 Kindermack Road, Suite 308, Westwood, NJ 07675. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

5. At all pertinent times hereto, Defendant was hired by Comtech 21 to collect a debt relating to consumer purchases that was allegedly owed to Comtech 21.

6. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

7. On or about October 10, 2005, Defendant wrote and sent to Plaintiffs by U.S. mail a collection or "dunning" letter (the "Letter") which attempted to coerce Plaintiffs into paying the alleged debt. Additionally, the letterhead of the Letter, *inter alia*, indicated that Defendant operates or is employed by two credit reporting agencies, Trans Union, LLC and Experian Information Solutions, Inc. (this portion of the Letter hereafter is referred to as the "Letterhead"). Additionally, the Letter, *inter alia*, stated as follows:

"Dear Richard & Ann Newman:

### CREDIT REPORTING NOTICE

CONTINUED NONPAYMENT OF THIS ACCOUNT HAS RESULTED IN ITS BEING SCHEDULED FOR REFERRAL TO TRANS UNION AND EXPERIAN CREDIT BUREAUS WHICH MAY IMPAIR YOUR CREDIT RATING AND YOUR ABILITY TO OBTAIN CREDIT IN THE FUTURE

It is most important that you remit payment immediately before your past due account is added to your credit record and can impair your credit rating. Once the derogatory reporting is listed on your credit report it is difficult to have it removed.

To prevent the above derogatory information from being reported, and further proceedings with our Attorneys, remit your payment to Gem Recovery Systems.

2

To contact us, call 201-722-8780.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US, WE WILL OBTAIN VERIFICATION OF THE DEBT OR THE JUDGMENT AND MAIL YOU A COPY. IF YOU REQUEST IN WRITING WITHIN 30 DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR."

(A true and correct copy of the Letter is attached hereto as Exhibit "A" and is incorporated herein.)

8. At all pertinent times hereto, the Letter was the initial communication to Plaintiffs by Defendant. Additionally, the Defendant did not send any written communications to Plaintiffs with respect to the alleged debt within five days after the above initial communication.

9. Based upon information and belief, Defendant has no connection to the credit reporting agencies, including but not limited to operating as or being employed by, other than that as a furnisher of information.

10. The Letter was false, deceptive, misleading and unfair in that it created an impression within the Plaintiffs and the least sophisticated consumer that Defendant was operating as or employed by the credit reporting agencies.

11. The Letter was false, misleading and unfair in that the required validation/verification information required by 15 U.S.C. § 1692(g) was printed in a smaller font than the rest of the Letter and had the effect of contradicting, overshadowing and obscuring said information so as to confuse or make uncertain what the objective least sophisticated consumer's rights are under the law.

12. Plaintiffs and the objective least sophisticated consumer would be made uncertain or confused by the Letter for the following reason, *inter alia*, the Letter was threatening in

language and tone, and was obviously intended to evoke immediate payment from the consumer, threatening to report the debt to Trans Union and Experian, of which Defendant purported to be a "member," as well as typing the validation language required by 15 U.S.C. § 1692(g) in a smaller font, intended to minimize the importance to the consumer.

13. The least sophisticated consumer, upon reading the Letter, would be quickly drawn to the language, which was typed in a larger, more noticeable font, in the earlier paragraphs and believe that he or she was required to "remit payment immediately" to the Defendant to prevent derogatory information from being reported to the consumer reporting agencies. See Exhibit A.

14. Even if the consumer continued reading the Letter and read the validation language contained at the conclusion of the Letter, the least sophisticated consumer would feel compelled to "remit payment immediately" to the Defendant, because that is what the Defendant demanded.

15. The Letter was false, deceptive, misleading and unfair in that it gave the least sophisticated consumer the false impression that once a debt was reported on a consumer's credit reports, the consumer would experience difficulty in having the same removed, when, in fact, said debt would automatically come off an individual's credit reports seven years from the date of first delinquency.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

18. Defendant knew or should have known that the Letter violated the FDCPA. Defendant could have taken the steps necessary to bring the Letter within compliance with the FDCPA, but neglected to do so and failed to adequately review the Letter to insure compliance with said laws.

19. As a result of the Defendant's conduct, Plaintiffs has sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## V. CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the United States of America to whom, during the one year prior to the filing of this Complaint, Defendant sent: a) the Letter or other communications substantially in the form of the Letter in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service; or b) a letter of similar communication, with the Letterhead, in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

21. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant continually sent out hundreds if not thousands of dunning

letters virtually identical to the Letter and/or Letterhead to consumers throughout the United States of America. Thus, although the precise number of Class members is known only to the Defendant, Defendant regularly collects or attempts to collect consumer debts in the United States of America. Because the Letter and/or Letterhead is the standard form sent to consumers, numerosity may be presumed.

22. There are questions of law and fact common to the Class which predominates over any questions affecting only individual Class members. The principal question is whether Defendant violated the FDCPA by mailing the letter or written communications substantially in the form of the Letter and/or Letterhead to the consumers during the applicable time period.

23. Plaintiffs' claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

24. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter and have retained counsel experienced in handling class actions and claims involving unlawful business practices. *See, e.g., Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303, 2004 WL 963962 (D. Conn. April 8, 2004); *Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691 (E.D. Pa 2004); *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. 2003); *Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271 (E.D. Pa. 2000), *vacated on other grounds*; *Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436 (E.D. Pa. 2002); *Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002); *Saunders v. Berks Credit & Collections*, 2002 WL 1497374 (E.D. Pa. 2002); *Schilling v. Let's Talk Cellular and Wireless*, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002); *Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461 (E.D. Pa. 2000); *Smith v. First Union Mortgage Corporation*, 1999 WL 509967 (E.D. Pa. 1999); and *Miller v. Inovision*, C.P. Phila.

6

County, December Term, 1999, No. 3504. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

25. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

26. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

27. Whether a Class member was sent an offending letter similar to the Letter and/or Letterhead can be determined by ministerial inspection of Defendant's records.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## VI. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

29. Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Trans Union, LLC and Experian Information Solutions, Inc. are credit reporting agencies as defined by 15 U.S.C. § 1681a(f).

31. Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

32. Plaintiffs are "consumers" as defined by section 1692a(3) of the FDCPA.

33. The Letter sent to the Plaintiffs by Defendant is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

34. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(16), 1692f, and 1692g as evidenced by the following conduct:

   (a) Falsely representing or implying Defendant was operating as or employed by a credit reporting agency, as defined by 15 U.S.C. § 1681a(f);

   (b) Contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a); and

   (f) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

36. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## VII. JURY TRIAL DEMAND

37. Plaintiffs demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

(b) That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;

(c) That an order be entered enjoining Defendant from continuing to communicate with Plaintiffs and members of the Class in violation of the FDCPA;

(d) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(e) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(f) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

9

  (g) That the Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

FRANCIS & MAILMAN, P.C.

BY: _____
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiffs and the Class

DATE: February 27, 2006